UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

HAZEL BALABAN,

    Plaintiff,

vs.

    Case No.:  20-12998

    Honorable Terrance G. Berg

THE HOME DEPOT USA, INC.,

    Defendant.

_____/

| Louis G. Corey  (P34377) | Carolyn M. Jereck (P41748) |
|---|---|
| Attorney for Plaintiff | PLUNKETT COONEY |
| 401 N. Main Street | Attorneys for Defendant |
| Royal Oak, MI  48067 | 333 Bridge Street NW, Suite 530 |
| (248) 548-9700  fax (248) 548-9990 | Grand Rapids, MI  49504 |
| lou@coreylawfirm.com | (248) 594-6363/(616) 752-4607 (fax) |
|  | cjereck@plunkettcooney.com |

_____/

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

It being represented to the Court that Plaintiff has requested documents from Defendant HOME DEPOT USA, INC. (Home Depot) which may involve trade secrets, confidential research, proprietary materials, and development and/or commercial information belonging to Home Depot; and,

It being represented to the Court that Home Depot is herewith producing such documents for inspection and view in accordance with the terms of this Agreed Protective Order; and,

It being represented to the Court that the parties are in agreement as to the terms of this Confidentiality Stipulation and Protective Order, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED, pursuant to FRCP 26(C)(1) that Home Depot will disclose documents that it designates "Confidential and Proprietary" to Plaintiff and her attorneys, only, pursuant to this Protective Order and under the conditions that follow:

(1) Any and all of the aforesaid documents and materials disclosed by Home Depot and the contents thereof shall be maintained in confidence by Plaintiff and her attorneys. The aforesaid documents and materials shall not be photocopied or reproduced by any means without the prior consent of counsel for Home Depot until further order of this Court;

(2) Any and all of the aforesaid documents and materials produced by Home Depot and the contents thereof shall be used only in connection with the above-captioned action and shall not be used for any other purpose whatsoever;

(3) No person who examines any documents or materials produced pursuant to this Order shall disseminate orally, in writing, or by any other means, the documents or materials, or the information contained therein, to any person not also authorized to examine the documents and materials under the terms of this Order;

(4) Plaintiff and her attorneys may permit a consultant or expert retained by Plaintiff to review the documents and materials subject to this Protective Order; but Plaintiff's attorneys must first obtain from such consultant or expert's agreement to comply with each of the terms of this Protective Order. Each such consultant or expert shall agree that such documents and materials, and the contents thereof, shall not be disclosed to any other person or entity and that said documents and materials shall

not be photocopied or reproduced by any means. Any documents or materials provided to any such consultant or expert must be returned to Home Depot within thirty (30) days of the conclusion of the above-referenced case pursuant to the terms of Paragraph 8 below;

(5) Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds, including, but not limited to, relevance, materiality, privilege, or other grounds;

(6) Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or to use as evidence at the trial of this action any of the documents or materials subject to this Protective Order; and nothing contained herein shall be construed as a waiver of any objection which might be raised by any party as to the admissibility into evidence of any documents or other materials;

(7) At the conclusion of this action by settlement, jury verdict, non-suit, dismissal, or other disposition, by judgment order or otherwise, all of the documents and materials produced by Home Depot and designated as "Confidential and Proprietary" pursuant to this Protective Order, including any and all copies or renditions made from such documents and materials, shall be returned to Home Depot, through Home Depot's counsel, within thirty (30) days following the conclusion of this action;

(8) A breach of the terms of this Protective Order may entitle Home Depot to appropriate sanctions, including but not limited to attorneys' fees and costs incurred in the enforcement of this Order.

IT IS SO ORDERED.

/s/Terrence G. Berg
U.S. DISTRICT COURT JUDGE
UNITED STATES DISTRICT JUDGE

**Dated: February 11, 2021**

**Approved by:**

/s/ Louis G. Corey	/s/ Carolyn M. Jereck

| | |
|---|---|
| Louis G. Corey (P34377) | Carolyn M. Jereck (P41748) |
| Attorney for Plaintiff | PLUNKETT COONEY |
| 401 N. Main Street | Attorneys for Defendant |
| Royal Oak, MI 48067 | 333 Bridge Street NW, Suite 530 |
| (248) 548-9700 fax (248) 548-9990 | Grand Rapids, MI 49504 |
| lou@coreylawfirm.com | (248) 594-6363/(616) 752-4607 (fax) |
| | cjereck@plunkettcooney.com |

Open.12080.04029.25648868-1

4